FILED
FEB 25 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM F. HOLDNER,

          Petitioner,

   v.

KATY COBA, Directors, Individually and Employee of the Oregon Department of Agriculture

RAY JAINDL, Administrator, Individually and Employee of the Oregon Department of Agriculture

   and

WYM MATTHEWS, CAFO Program Manager, Individually and Employee of Oregon Department of Agriculture,

          Respondents,

Civ. No. 09-979-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

OPINION AND ORDER        1        *{TDW}*

*Introduction*

Respondents Katy Coba ("Coba"), Ray Jaindl ("Jaindl"), and Wym Matthews ("Matthews") (collectively "Respondents") move the court for an order to make the pleadings more definite pursuant to Federal Rule of Civil Procedure ("Rule") 12(e). Respondents argue that Petitioner William F. Holdner ("Holdner") purports to incorporate his original complaint and a supplemental complaint into his First Amended Complaint, and therefore move to make the pleadings more definite by combining all claims into one comprehensive pleading. For the reasons that follow, the Respondent's Rule 12(e) motion is granted.

*Procedural Background*

On August 20, 2009, Holdner filed a complaint against the Oregon Department of Agriculture. On September 2, 2009, the State of Oregon filed a motion to dismiss the complaint on the grounds that the action was barred by Eleventh Amendment immunity. On November 12, 2009, this court issued Findings and Recommendation granting the State's motion and with leave to replead. On December 23, 2009, District Judge James A. Redden adopted the Findings and Recommendation.

On December 23, 2009, Holdner subsequently filed his "First Amended Complaint," which included a statement incorporating his original Complaint. On January 5, 2010, Respondents answered the First Amended Complaint. On January 12, 2010, Holdner filed a "Supplemental Information," which purportedly supplements the "First Amended Complaint."

*Discussion*

Respondents have moved the court for an order to make the pleadings more definite. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a

responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) (citations omitted). As one court observed, "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Presido Group, LLC v. GMAC Mortg., LLC*, 2008 WL 3992765, *1 (W.D. Wash. Aug. 25, 2008) (citations omitted). Thus, in evaluating a motion under Rule 12(e), the proper test is to determine "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). Additionally, Local Rule 15.1(c) requires that any party filing an amended or supplemental pleading must reproduce the entire pleading, and may not incorporate any part of the prior pleading by reference. Local Rules of Civil Practice 15.1(c), District of Oregon (2009).

In this case, Holdner seeks to incorporate both his Complaint and his Supplemental Information into the First Amended Complaint. For example, Holdner's First Amended Complaint states, "For all the foregoing facts including those in the original complaint the Petitioner's position is that actions were discriminatory and named Respondents lacked authority in application of the Federal Water Pollution Control Act[.]" (First Am. Compl. at 3.) Such incorporation is expressly prohibited by Local Rule 15.1(c).

The court agrees with Respondents that their motion is not a *pro forma* objection or pure formality, given that Respondents filed an answer to the First Amended Complaint prior to Holdner's filing of his Supplemental Information. Respondents are entitled to a single comprehensive

complaint in compliance with Local Rule 15.1(c). Accordingly, Holdner is ordered to make the pleadings more definite pursuant to Rule 12(e), by filing an amended pleading that contains the whole of his allegations.

*Conclusion*

For the reasons stated, Respondents' Rule 12(e) motion (#35) is GRANTED and Holdner is ordered to make the pleadings more definite by filing an amended complaint that incorporates all of his allegations, by March 15, 2010.

DATED this 25th day of February, 2010.

JOHN V. ACOSTA
United States Magistrate Judge