FILED
SEP 16 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM F. HOLDNER, | Civ. No. 09-979-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KATY COBA, Director, Individually and Employee of Oregon Department of Agriculture, RAY JAINDL, Administrator, Individually and Employee of Oregon Department of Agriculture, and WYM MATTHEWS, CAFO Program Manager, Individually and Employee of Oregon Department of Agriculture, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff William F. Holdner ("Holdner") seeks leave to file a third amended complaint. The existing complaint names as defendants Katy Coba, Director of the Oregon Department of Agriculture, Ray Jaindl, Administrator of the Oregon Department of Agriculture, and Wym Matthews, CAFO Program Manager for the Oregon Department of Agriculture (collectively "the DOA Defendants"). The proposed complaint would add as defendants Attorney General John Kroger ("Kroger") and Assistant Attorney General Patrick Flanagan ("Flanagan") (collectively "the DOJ Defendants"). All defendants to the third amended complaint ("Defendants") are named individually and in their capacities as employees of state agencies, specifically the Oregon Department of Agriculture and the Oregon Department of Justice.

The proposed amendments to the existing complaint add the allegation that the DOJ Defendants "maliciously encouraged and incited the Oregon Fish and Wildlife Agency to harass [Holdner]" and threatened to initiate felony criminal proceedings against him if he did not plead guilty to misdemeanor charges. (Proposed Third Amended Complaint ("TAC") ¶ 14.) Holdner pleads his belief that "this was undertaken in retaliation to his defending and asserting his rights" in the current action. *Id.* Holder alleges, specifically, that Flanagan made the threats of criminal charges against him in "a deliberate attempt to coerce [Holdner] to admit to unfounded and fraudulent pollution charges." (TAC ¶ 18.) He alleges that Kroger "knowingly, wantonly, and intentionally made such threats real by authorizing and filing criminal charges" against him and promoted false information about Holdner to damage him and his business. (TAC ¶ 19.)

Holdner's original complaint was filed on August 20, 2009. This complaint was dismissed with leave to replead by the court on November 12, 2009. Holdner's First Amended Complaint,

filed on December 23, 2009, added the DOA Defendants as parties to this action. On February 25, 2010, Holdner was ordered to again replead, to make his allegations more definite and the Second Amended Complaint was filed on March 10, 2010. In response to charges brought against him by the DOJ Defendants in state court, Holdner again moved for leave to amend his complaint, on July 19, 2010.

*Legal Standard*

Rule 15 governs amendments to pleadings, and states, in relevant part, that where a party has already been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(1)-(2) (2007). The court recognizes that a liberal standard is applied to motions for leave to amend. *AmerisourceBergen Co. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Even so, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.* Furthermore, "[w]here the plaintiff has previously filed an amended complaint, as Miller has done here, the district court's discretion to deny leave to amend is 'particularly broad.'" *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (citing *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (citation omitted)).

*Discussion*

Defendants argue that Holdner's new claims against the DOJ Defendants are barred by the doctrine of prosecutorial immunity. "[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). "A prosecutor's acts in the course of his role as an advocate 'include the

professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.'" *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 643 (9th Cir. 1999) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Notably, "[a] prosecutor is entitled to absolute immunity for initiating a prosecution and presenting the state's case." *Kleinman v. Multnomah County*, Case No. 03-1723-KI, 2004 U.S. Dist LEXIS 21466, at *17 (D. Or. Oct. 15, 2004) (citing *Imbler*, 424 U.S. at 431). This is not to say that an aggrieved party has no recourse against a prosecutor abusing his or her power:

> We emphasize that the immunity of prosecutors from liability in suits under § 1983 does not leave the public powerless to deter misconduct or to punish that which occurs. This Court has never suggested that the policy considerations which compel civil immunity for certain governmental officials also place them beyond the reach of the criminal law. Even judges, cloaked with absolute civil immunity for centuries, could be punished criminally for willful deprivations of constitutional rights on the strength of 18 U.S.C. § 242 the criminal analog of § 1983.

*Imbler*, 424 U.S. at 428-29.

In his amended complaint, Holdner alleges that the DOJ Defendants caused Oregon Fish and Wildlife to harass him and, themselves, threatened to initiate federal criminal charges against Holdner if he pleaded guilty to misdemeanor charges. However, this court does not provide the appropriate forum for resolution of these allegations. Holdner's allegations stem from the charges brought against him in Columbia County Circuit Court for "felony pollution charges[.]" (Moynahan Declaration, Exhibit 1 at ¶ 1.) Although criminal remedies might apply if his allegations prove true, Holdner does not have recourse by way of a civil action against the DOJ Defendants in this court and the court declines to further consider application of the doctrine of prosecutorial immunity. The court concludes that allowing such amendment would be futile. The court also concludes that such

amendment would be otherwise inappropriate and exercises its broad discretion to deny Holdner's motion for leave to file a Third Amended Complaint.

The court notes that the additional issues raised by Defendants in their responsive briefing are not appropriately addressed in the context of a motion for leave to amend. The court anticipates that those issues will be addressed by way of a dispositive motion and declines to rule on them until they have been addressed by both parties.

## Conclusion

For the reasons stated, Holdner's motion for leave to amend (#60) is DENIED.

DATED this 15th day of Sept, 2010.

_____
JOHN V. ACOSTA
United States Magistrate Judge