IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM F. HOLDNER,

                Petitioner,

    v.

KATY COBA, Director, Individually and
Employee of Oregon Department of
Agriculture, RAY JAINDL, Administrator,
Individually and Employee of Oregon
Department of Agriculture, WYM
MATTHEWS, CAFO Program Manager,
Individually and Employee of Oregon
Department of Agriculture,

                Respondent.

Civ. No. 09-979-AC

OPINION AND
ORDER

_____

ACOSTA, Magistrate Judge:

       Currently before the court are two motions. First, Plaintiff William F. Holdner ("Holdner") has filed what amounts to a motion to reconsider his request for leave to file a third amended

complaint. Defendants Katy Coba, Ray Jaindl, and Wym Matthews (collectively "Defendants") oppose this motion, arguing that amendment would be both prejudicial and without substantive effect. Second, Defendants seek summary judgment on all claims. For the reasons stated below, Holdner's motion is denied and Defendants' motion is granted in its entirety.[1]

I.   Motion to Reconsider

   A.   *Factual Background*

The original complaint in this matter was filed on August 20, 2009. Then defendant, Oregon Department of Agriculture, moved to dismiss, the motion was granted, and Holdner was given leave to replead. Holdner submitted an amended complaint, naming current Defendants, which was filed on December 23, 2009. Defendants moved for a more definite statement and the court granted the motion, ordering Holdner "to make the pleadings more definite by filing an amended complaint that incorporates all of his allegations, by March 15, 2010." (Docket No. 39.) Holdner filed his second amended complaint on March 10, 2010. At a subsequent scheduling conference, the court set a dispositive motions deadline for July 19, 2010. After a motion to compel was filed by Holdner, and denied by the court, the court extended the dispositive motions deadline to September 10, 2010.

On July 19, 2010, Holdner filed a motion for leave to file a third amended complaint. This motion was denied on September 16, 2010. The dispositive motion deadline was again extended to October 1, 2010. On September 24, 2010, Holdner filed this third amended complaint, which the court interpreted as a renewed motion for leave to file a third amended complaint. On October 1, 2010, Defendants filed their motion for summary judgment.

The current proposed third amended complaint ("proposed complaint") is substantially

---

[1] The parties have consented to jurisdiction by magistrate judge.

similar to the second amended complaint that is currently the operative pleading ("current complaint"). The proposed complaint is identical to the current complaint until paragraph 18, which alleges that Defendants have imposed higher water quality standards for animal feeding operations than for "other farming, commercial and industrial enterprises" and that it is unreasonable and discriminatory in light of the Federal Water Pollution Control Act. The proposed complaint concludes in somewhat different fashion from the current complaint, in that it states that Defendants "were complicit" in acting to harm Plaintiff and his farm operation, and that they "deliberately misapplied the law" with the intent of harming Holdner and his professional reputation.

Holdner's proposed complaint also specifies six forms of injunctive relief, requesting the court enjoin Defendants from issuing pollution violations contrary to federal law; impairing Holdner's water rights; forcing Holdner to pollute water on his property; applying state statutes inconsistent with federal law; designating Holdner's business as a Confined Animal Feeding Operation ("CAFO") rather than recognizing his exempt status; and demanding higher water quality standards of animal feeding operations than other commercial endeavors. The current complaint's demand for injunctive relief is more general: "Petitioner moves the Court to enjoin the named Defendants from any enforcement action that interferes with Petitioner's farm operation including harassment by whatever means until the issues are adjudicated." (Complaint 6.)

  B. *Legal Standard*

Rule 15 governs amendments to pleadings, and states, in relevant part, that where a party has already been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(1)-(2) (2007). The court recognizes that a liberal standard

is applied to motions for leave to amend. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Even so, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

    C.    *Discussion*

Defendants argue that they will be prejudiced if the amendment is allowed. They note that they have had to respond repeatedly to Holdner's insufficient pleadings and to motions for which no conferral took place; that the amended pleading was filed just four days before the dispositive motions deadline, at which point Defendants had already expended substantial time drafting their motion for summary judgment; and that Holdner has already had ample time and opportunity to cure any pleading deficiencies. Defendants also argue that the proposed amendments do not substantively modify the allegations already stated in the current complaint and, thus, allowing amendment would be superfluous and cause undue delay.

The court agrees that permitting amendment to the current complaint at this late juncture would be prejudicial to Defendants and that it would cause undue delay. First, Holdner has been given several opportunities to amend and clarify his pleadings. Second, the request is not supported by a showing of good cause or that allowing such amendment is in the interests of justice. In fact, the court agrees that the modifications to the pleading itself do not depart in a material way from the allegations already before the court. And, to the extent that some distinct claim could be gleaned from the new material, the addition of a new claim at this late stage would be prejudicial to Defendants. In the absence of good cause to do so, the court declines to allow Holdner's amended pleading and the motion for leave to amend is denied.

II.     Motion for Summary Judgment

Defendants assert entitlement to summary judgment on all of Holdner's claims on the following grounds: (1) the *Younger* abstention doctrine; (2) qualified, absolute, and Eleventh Amendment immunities; (3) lack of subject matter jurisdiction; and (4) on the merits.

As a preliminary matter, Defendants urge the court to accept their Concise Statement of Material Facts ("CSMF"), as admitted under Local Rule 56. Under that rule, the moving party must submit a CSMF, setting forth its "factual positions." District of Oregon Local Rules of Civil Procedure 56(a).[2] The non-moving party must respond with its own CSMF "that (1) accepts or denies each fact set forth in the defendants' concise statement; or (2) specifically opposes defendants' contention or interpretation of an alleged undisputed material fact; and/or (3) articulates other relevant material facts omitted by defendants and necessary to determination of the motion for summary judgment." *Stafford v. Powers*, Civ. No. 09-3031-CL, 2009 WL 3818786, at *2 (D. Or. Nov. 12, 2009).

Here, Holdner did not specifically address Defendants' CSMF. He did, however, submit his own "Statement of Material Facts in OBJECTION to [Defendants] Motion for Summary Judgment." (Holdner's Response Memo. 3.) In light of the fact that Holdner is proceeding pro se, the court interprets Holdner's response CSMF as his opposition to the material facts set forth by Defendants. Thus, Defendants' request that the court deem the entirety of its CSMF admitted is denied.

   A.    *Factual Background*

Holdner runs a cattle ranching operation in Oregon. The Oregon Department of Agriculture

---

[2] Effective January 1, 2011, Local Rule 56 no longer contains the concise statement requirement. Defendants filed their summary judgment motion prior to the amendment.

has issued civil citations for pollution violations against Holdner on three occasions. These "Notices of Noncompliance" ("NONs") were issued to Holdner on March 9, 2007, February 10, 2009, and June 15, 2009, "for his placement of animal manure in violation of State water pollution laws." (Defendants' CSMF ¶ 8.) These notices gave rise to two "Notices of Civil Penalty," that issued on December 12, 2008, and June 3, 2009. *Id*. An administrative hearing was held pursuant to these notices, resulting in final orders in the agency's favor as to both Notices of Civil Penalty. (Def.'s CSMF ¶ 9.) "The final orders are currently pending judicial review before the Oregon Court of Appeals." *Id.*

Holdner was also charged with criminal violations for alleged water pollution. "On May 19, 2010, [Holdner] was indicted on three felony and 25 misdemeanor counts of water pollution in Columbia County Circuit Court[.]" (Def.'s CSMF ¶ 10.) These charges are being pursued by the Oregon Department of Justice under Senior Assistant Attorney General Patrick Flanagan ("Flanagan"). Holdner's attorney in the state civil matter, Margaret H. Leek Leiberan ("Leiberan"), submitted an affidavit stating that Flanagan informed her that he intended to indict Holdner on felony charges but would not do so if Holdner plead guilty to misdemeanor charges pending against him. Leiberan stated: "In my opinion, if Mr. Holdner had complied with Mr. Flanagan's request and pled guilty to the two misdemeanor charges, I would have had no choice but to dismiss the appeal because Mr. Holdner would have admitted to all of the essential factual findings challenged on the appeal." (Leiberan Affidavit 2.)

  B. *Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a)

(2011). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). However, deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a *genuine* issue for trial." FED. R. CIV. P. 56(e) (2008) (emphasis added). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

C.   Discussion

In the present matter, Holdner alleges that Defendants exceeded their authority under federal statues and seeks to enjoin them from taking enforcement actions against him. In particular, he seeks an injunction preventing any enforcement action that interferes with his farming operation until he receives final adjudication on the merits in state court. Holdner also alleges that Defendants "maliciously encouraged" the Oregon Department of Fish and Wildlife to pursue criminal actions against him and that such claims are in retaliation for his efforts to pursue his rights in federal court. (Second Amended Complaint ¶ 14.) Defendants have interpreted this claim as a section 1983 claim alleging violations of Holdner's substantive due process rights.

In his response brief, Holdner characterizes his claims in contradictory ways. First, in responding to Defendants' assertions of qualified, absolute, and Eleventh Amendment immunities, Holdner states that he seeks only injunctive relief, not civil damages, and so qualified and absolute immunities do not apply. However, in responding to Defendants' arguments that his claims fail for lack of a genuine issue of material fact, Holdner acknowledges that he has asserted a claim under section 1983 for violation of his right to substantive due process. Although Holdner's characterization of his claims is not strictly consistent, the court concludes that he intended to assert a claim under section 1983.

    1.    Younger Abstention

The *Younger* abstention doctrine recognizes "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Its initial application was to federal criminal proceedings, but the doctrine has since been extended to civil matters, both in equity and at law. *See Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987)

("While the *Younger* case involved criminal proceedings, '[c]oncerns of comity and federalism counsel restraint in civil proceedings as well, when important state interests are at stake.'" (quoting *Fresh Int'l Corp. v. Agricultural Labor Relations Board*, 805 F.2d 1353, 1356 (9th Cir. 1986) (brackets not in original))).

A federal court must abstain from such interference where the following the requirements are met: "First, the proceedings must implicate important state interests; second, there must be ongoing state proceedings; and third, the federal plaintiff must be able to litigate its federal claims in the state proceedings." *M&A Gabaee v. Community Redevelopment Agency of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005). However, where these requirements are otherwise met, "abstention is inappropriate if bad faith prosecution or harassment is present, or where a statute is flagrantly and patently violative of constitutional prohibitions." *Lebbos v. Judges of the Superior Court, Santa Clara Co.*, 883 F.2d 810, 814 (9th Cir. 1989).

Defendants argue that this court must abstain from hearing Holdner's claims under *Younger*. As a preliminary matter, the court notes that the claims currently before it are civil claims against officials at the Oregon Department of Agriculture. First, Holdner seeks enjoinment of state interference with Holdner's farming operation pending a final judgment in state court. Second, Holdner's section 1983 claim alleges retaliation by Defendants against Holdner for attempting to vindicate his civil rights in federal court. Not currently at issue are any claims against Flanagan or the State of Oregon stemming from the criminal charges currently pending against Holdner in state court, although the charges are relevant to Holdner's section 1983 claim.

With respect to Holdner's request for equitable relief from state enforcement, it is not disputed that the threshold requirements for application of the *Younger* doctrine are met. First, the

OPINION AND ORDER                                     9                                          {KPR}

Oregon code states explicitly that maintaining water quality standards is an important state interest. *See* OR. REV. STAT. 468B.015 (2009) (stating that it is the public policy of the state to "provide for the prevention, abatement and control of new or existing water pollution[.]"). Second, civil proceedings involving identical issues are currently pending in the Oregon Court of Appeals, on appeal from final administrative determinations by the Oregon Department of Agriculture. *See* Moynahan Aff., Exhibit 8-9 (the final orders in Holdner's two contested cases); *see* Defs.' CSMF ¶ 9 ("The final orders are currently pending judicial review before the Oregon Court of Appeals.").

Holdner has also sought an injunction from the state court to enjoin the same conduct until entry of a final order, which request the state court has denied. On December 4, 2009, Holdner sought a stay from the Office of Administrative Hearings ("OAH") pending resolution of his request for injunctive relief in federal court. This request was apparently denied because Holdner filed a motion to reconsider the denial of stay with the OAH on January 5, 2010. That same day, Holdner filed a motion for stay of a final order in the Oregon Court of Appeals.[3] Thus, not only are the underlying substantive claims in this case also at issue in the state proceeding, the request to enjoin enforcement is also at issue in the state proceeding.

The third requirement, that the federal claims may be adequately addressed by the state court proceedings, is also met. As a general rule, absent "unambiguous authority to the contrary," state court proceedings are presumed adequate to present federal claims. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Under *Younger*, a federal plaintiff need only have had an opportunity to assert his federal claims in state court and "the federal plaintiff's failure to avail himself of that

---

[3] Evidence of these requests is included in the exhibits attached to Holdner's second amended complaint, i.e., the current complaint. These exhibits are not numbered or paginated, and the court does not further specify their location.

opportunity does not mean that the state procedures are inadequate." *Gilbertson v. Albright*, 381 F.3d 965, 972 (9th Cir. 2004) (citing *Juidice v. Vail*, 430 U.S. 327, 337 (1977)).

In this case, Holdner seeks to enjoin enforcement of state water regulations because, in his view, Defendants have both exceeded their authority under the law and have misinterpreted and misapplied the applicable law. In other words, Holdner believes that the rulings made at the administrative level were erroneous and that they thus may not be enforced until after the state court has issued a final ruling. These issues are clearly before the state court, presently, and this court is barred from evaluating these issues because they could have been raised and litigated in the state court proceedings.

Holdner also alleges that the criminal charges against him were brought in retaliation for his efforts to vindicate his civil rights in federal court, in violation of his substantive due process rights. *Younger* does not apply to this claim because the claim does not meet the threshold requirements. The claims currently before the state court do not involve allegations of retaliation because the state action, which began at the administrative level, was initiated long before criminal charges were brought against Holdner. In fact, the criminal charges were not brought until after this federal action was filed, which they must have been in order to be retaliatory. Thus, Holdner had no opportunity to raise these claims at the state level and they are not presently being litigated. The section 1983 claim is not barred from litigation in this court by the *Younger* doctrine.

In conclusion, the *Younger* doctrine bars litigation of Holdner's request for injunctive relief, but does not bar his section 1983 claim.

    ii.  <u>Substantive Due Process</u>

Defendants argue that Holdner's substantive due process claim fails as a matter of law.

OPINION AND ORDER          11          {KPR}

Defendants first argue that Holdner has failed to establish that Defendants were personally involved in a deprivation of his rights. To state a claim against a particular defendant under section 1983, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980)).

Defendants also argue that Holdner's conclusory allegations cannot support a substantive due process claim. "The concept of 'substantive due process,' . . . forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. Cal. 1998) (quoting *United States v. Salerno*, 481 U.S. 739, 746, 95 L. Ed. 2d 697, 107 S. Ct. 2095 (1987)). "Plaintiff must demonstrate the irrational nature of the defendants' actions by showing that they could have had no legitimate reason for the decision." *Bravo v. City of Hubbard*, Civil. No. 07-1783-HO, 2008 U.S. Dist. LEXIS 94705, at *14 (D. Or. Nov. 19, 2008) (quoting *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994)).

In particular, Defendants argue, Holdner has failed to assert deprivation of a fundamental right. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272 (1994). In *Albright*, the Ninth Circuit rejected substantive due process as the proper basis for a section 1983 claim premised on a malicious prosecution. Rather, the court stated that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion

of "substantive due process," must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Conor*, 490 U.S. 386, 395 (1989)). In that case the court suggested without deciding that the section 1983 claim may have been brought under the Fourth Amendment, but concluded, regardless, that the claim was not cognizable as a violation of substantive due process.

The court agrees that Holdner has failed to allege anything more than mere conclusions in support of his claim that Defendants violated his substantive due process rights and has similarly failed to present evidence to support his conclusory allegations.[4] The complaint provides the following:

> The named Respondents' as employees of the Oregon Department of Agriculture have maliciously encouraged and incited the Oregon Fish and Wildlife Agency to harass the petitioners by issuing two criminal citations which are identical to the subject matter issues pending on appeal . . . The petitioner further believes this was undertaken in retaliation to his defending and asserting his rights in this Federal Court Action.

(Complaint ¶ 14.) The complaint states in its conclusion: "The Respondents' continued actions constitute harassment of the petitioner in violation of his civil rights." (Compl. 6.) In his responsive briefing, Holdner reiterates his allegation that "numerous criminal and civil actions have been filed against him by the State, that he has been threatened with the filing of many more and that these actions are being filed maliciously, for harassment and in retaliation for his filing of the case at bar." (Holdner's Response Brief 30.) As Defendants argue, these mere allegations are insufficient to raise a genuine issue of fact as to whether Defendants were personally involved in the alleged retaliation and harassment of Holdner. The court agrees that Holdner has failed to provide any evidence of the personal involvement of Defendants in the initiation of criminal charges against him.

---

[4] The only specific factual allegations regarding his criminal prosecutions refer to a conversation between Liebernan and Flanagan, neither of whom are parties to this action.

The court is also not persuaded that Holdner has alleged violation of a fundamental right, but even if he has, he has not otherwise met his burden on summary judgment.[5] Holdner has simply failed to provide any evidence, or even to allege specific factual allegations, in support of his claim. He relies exclusively on the allegations in his complaint and unsupported conclusory statements. Holdner has failed to raise genuine issues of fact that must be resolved at trial and, accordingly, summary judgment is granted.

*Conclusion*

Holdner's motion for reconsideration (#70) is DENIED and Defendants' motion for summary judgment (#73) is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of July, 2011.


/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge

---

[5] In the court's view, Holdner's claim hews more closely to a claim of retaliation under section 1983 for a violation of the First Amendment arising from the right to petition the government for redress of grievances. "To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (internal quotation marks omitted) (citing *Mendocino Environment Center v. Mendocino County*, 192 F.3d 1283, 1300-1301 (9th Cir. 1999)). Even if Holdner had asserted such a claim, or was granted leave to replead to state such a claim, he would still have failed to meet his burden on summary judgment as he has presented insufficient evidentiary material to survive summary judgment on this theory.