IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM F. HOLDNER, | Civ. No. 09-979-AC |
| Petitioner, | OPINION AND ORDER |
| v. | |
| KATY COBA, Director, Individually and Employee of Oregon Department of Agriculture, RAY JAINDL, Administrator, Individually and Employee of Oregon Department of Agriculture, WYM MATTHEWS, CAFO Program Manager, Individually and Employee of Oregon Department of Agriculture, | |
| Respondent. | |

ACOSTA, Magistrate Judge:

Individual defendants Katy Coba, Ray Jaindl, and Wym Matthews ("Defendants") move for

an award of attorney fees and costs against Plaintiff William F. Holdner ("Holdner") under 42 U.S.C. § 1988 ("section 1988") on the ground that Holdner's claims against Defendants lacked merit. Defendants seek $27,396.20 in attorney fees and costs. Holdner opposes the motion, arguing that his claims, although unsuccessful, were validly brought and do not justify an award of attorney fees.

*Background*

The original complaint in this matter was filed on August 20, 2009. Then defendant, Oregon Department of Agriculture, moved to dismiss. This motion was granted on the ground the claims against the state agency were barred under Eleventh Amendment immunity. Holdner then filed an amended complaint and defendants moved for a more definite statement, which request the court granted. Holdner filed his second amended complaint and Defendants responded by filing a motion for summary judgment. Defendants' motion was granted in its entirety.

In its opinion and order dismissing Holdner's claims, the court concluded that Holdner's request for injunctive relief was barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). It also dismissed Holdner's section 1983 claims for failing to make specific factual allegations and failing to provide evidence giving rise to genuine issues of material fact. Prior to reaching its rulings, however, the court had to construe Holdner's claims because they were somewhat ambiguous as pleaded.

First, the court recognized Holdner's clearly stated claim for injunctive relief "preventing any enforcement action that interferes with his farming operation until he receives final adjudication on the merits in state court." (Opinion and Order (#12) 8.) As above, this claim was dismissed pursuant to the *Younger* doctrine. Second, the court considered whether Holdner had stated a claim under section 1983. Defendants interpreted some of Holdner's allegations as stating a substantive

OPINION AND ORDER 2 {KPR}

due process claim under section 1983. Holdner's own characterization was not entirely clear as, on one hand, he stated that he was only seeking injunctive relief and, on the other hand, he acknowledged that he had asserted a substantive due process claim. The court concluded that, despite Holdner's inconsistency, he had intended to assert such a claim. With respect to this claim, the court concluded that the claim failed as a matter of law because Holdner failed to adequately allege or support that Defendants had personal involvement in the alleged deprivation or that Holdner was deprived of a fundamental right.

*Legal Standard*

The standard for awarding attorney fees to a prevailing defendant in a civil rights action is governed by 42 U.S.C. § 1988 ("section 1988"). The provisions of section 1988 "give a court the discretion to award attorney's fees to a prevailing defendant in certain civil rights lawsuits if the court finds the plaintiff's action is 'frivolous, unreasonable, or without foundation.'" *Miller v. Los Angeles County Board of Education*, 827 F.2d 617, 619 (9th Cir. 1987) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Commission[1]*, 434 U.S. 412, 421 (1978)). This standard is applied more stringently, however, where a plaintiff is proceeding pro se: "The *Christianburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se." *Miller*, 827 F.2d at 620 (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)). When evaluating the appropriateness of an award under section 1988, the court must consider the pro se plaintiff's "ability to recognize the merits of his or her claims," with the understanding that a pro se plaintiff is less able to do so than a plaintiff represented by counsel. *Id.*

---

[1] This case set forth the standard for attorney fees to prevailing defendants in Title VII cases, which standard was adopted with respect to section 1988 in *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam).

*Discussion*

Defendants contend that Holdner's claims were frivolous and they are thus entitled to fees because his section 1983 claim was based solely on conclusory allegations that could not support such a claim. Defendants also argue that Holdner's claim failed to assert deprivation of a fundamental right, which is a necessary element of a substantive due process claim under section 1983. In essence, Defendants' claim for attorney fees is premised on the court's conclusion that Holder "ha[d] simply failed to provide any evidence, or even to allege specific factual allegations, in support of his section 1983 claim." (Opinion and Order (#92) 14.) Holdner responds that the mere fact that the court granted summary judgment in favor of Defendants did not render his claims frivolous and that, if this were the standard, all claims dismissed on summary judgment would be considered frivolous.

The court notes, first, that the legislative purpose of section 1988 is "to promote vigorous private enforcement of civil rights . . . ." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1063 (9th Cir. 2006). As such, under section 1988, "[p]laintiffs prevailing in a civil rights action should ordinarily recover attorneys' fees unless special circumstances would render such an award 'unjust.' However, a prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be so 'unreasonable, frivolous, meritless, or vexatious.'" *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994) (citing *Roberts v. Spalding*, 783 F.2d 867, 874 (9th Cir.), *cert. denied*, 479 U.S. 930 (1986)). That said, the court need not determine that the claim was brought in "subjective bad faith" to award attorney fees where they are otherwise appropriate. *Christiansburg*, 434 U.S. at 421.

The court in *Christiansburg* noted "two strong equitable considerations counseling an

attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of a prevailing Title VII defendant." 434 U.S. at 418. These considerations were, first, that the private plaintiff was the enforcement mechanism chosen by Congress "to vindicate 'a policy that Congress considered of the highest priority.'" *Id.* (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968)). The second consideration being that an award of fees to a prevailing plaintiff is an award "against a violator of federal law." *Christiansburg*, at 418. That said, the Supreme Court's evaluation of the legislative history also found that "while Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420.

> Even so, the Court highlighted the importance of avoiding the logic of hindsight:
>
> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . . No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. . . . Even where the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 421-422. As the Ninth Circuit stated in *Karam v. City of Burbank*, 352 F.3d 1188, 1196 (9th Cir. 2003), even a tenuous basis upon which to base a claim may refute a claim for prevailing defendant attorney fees. That "evidence to support such a theory failed to materialize, and summary judgment was granted in favor of defendants" did not "render groundless, without foundation or frivolous" the claims asserted. *Id.* It is notable that the plaintiff in this case was, by all indications, represented, so this represents an application of the less-stringent standard than that standard applied to pro se plaintiffs.

Defendants cited *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998), for the proposition that a civil rights plaintiff must allege facts and not merely legal conclusions to adequately state a claim, and these facts must include allegations that the putative defendant had a personal involvement in the deprivation of civil liberties. In *Barran*, the plaintiff's claims were dismissed on this basis, but there is no indication that this dismissal gave rise to an award of attorney fees in the defendant's favor.

Defendants have failed to present any evidence or analysis tending to show that Holdner lacked a reasonable basis for his claims such that his claims could be considered frivolous. First, his claim for injunctive relief is not subject to the section 1988 attorney fee provisions. Second, there is no dispute that Holdner's animal feeding operation was the subject of investigation and enforcement by state agencies with regard to pollution. It was not unreasonable for Holdner, a pro se litigant, to seek injunctive relief in federal court under federal statutes, which statutes Holdner claimed were being violated by the state agency actors. That the injunctive relief was barred by the *Younger* doctrine does not make this claim frivolous or the type of burdensome and baseless litigation Congress sought to prevent in enacting section 1988.

Third, Holdner's section 1983 claim was not clearly stated in his complaint. The court described Holdner's allegations:

> Holdner also alleges that Defendants "maliciously encouraged" the Oregon Department of Fish and Wildlife to pursue criminal actions against him and that such claims are in retaliation for his efforts to pursue his rights in federal court. (Second Amended Complaint ¶ 14.) Defendants have interpreted this claim as a section 1983 claim alleging violations of Holdner's substantive due process rights.
>
> In his response brief, Holdner characterizes his claims in contradictory ways. First, in responding to Defendants' assertions of qualified, absolute, and Eleventh Amendment immunities, Holdner states that he seeks only injunctive relief, not civil

> damages, and so qualified and absolute immunities do not apply. However, in responding to Defendants' arguments that his claims fail for lack of a genuine issue of material fact, Holdner acknowledges that he has asserted a claim under section 1983 for violation of his right to substantive due process. Although Holdner's characterization of his claims is not strictly consistent, the court concludes that he intended to assert a claim under section 1983.

(O&O (#92) 8.) Having read into Holdner's complaint a section 1983 claim, consistent with Defendants' position, the court is even less inclined to assess attorney fees against Holdner. This would, of course, be irrelevant if Holdner's section 1983 allegations, as construed, were patently frivolous. However, Defendants have failed to demonstrate or explain how Holdner's section 1983 claim was frivolous beyond Holdner's failure to meet basic pleading requirements. This analysis, while appropriate on a motion to dismiss, is insufficient to merit an award of attorney fees to a prevailing civil rights defendant.

*Conclusion*

For the reasons stated, Defendants' Motion for Costs and Attorney Fees (#96) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of January, 2012.

                                                  JOHN V. ACOSTA
                                           United States Magistrate Judge